# United States Court of Federal Claims

No. 18-225C
Filed: November 7, 2018

---

**MONROE QUAILES, JR.,**

    *Plaintiff,*

v.

**UNITED STATES OF AMERICA,**

    *Defendant.*

---

### ORDER DISMISSING COMPLAINT

**HODGES**, Senior Judge.

Monroe Quailes Jr., a *pro se* plaintiff, seeks corrections to his military record. He challenges his 1979 military discharge from the United States Navy and a 1989 adverse disability retirement determination by the Board of Corrections of Naval Records. The Government moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The bases for defendant's motions are that Mr. Quailes' complaint is barred by the statute of limitations and *res judicata*. Plaintiff filed a cross-motion for judgment on the administrative record.

We grant the Government's motion to dismiss for lack of subject matter jurisdiction because Mr. Quailes' claim is time barred. This court does not have jurisdiction over plaintiff's complaint, so we do not address defendant's additional dispositive motion or Mr. Quailes' motion for judgment on the administrative record.

### BACKGROUND

Mr. Quailes served in the United States Army from 1969 until 1975; then he enlisted in the Navy in 1976. Shortly after, the Navy court-martialed him for a period of

unauthorized absence during which he pled guilty to grand larceny and breaking and entering in a civilian court. During those proceedings, his counsel requested a medical and psychiatric board evaluation. The Board noted that plaintiff's psychiatric history began prior to his service and that he suffered from schizophrenia but concluded that he was competent to participate in his defense.

Based on this evaluation, the Navy withdrew the charges and referred him to a medical board, which in 1979 diagnosed him with schizophrenia and recommended that his case be referred for a disability determination. In exchange for waiving his right to challenge the discharge, the Navy in 1979 gave him a "general discharge by reason of misconduct" for his conviction during his military service, instead of an "other than honorable" discharge.

Eight years after, Mr. Quailes challenged his discharge before the Board of Corrections of Naval Record alleging that his mental condition was incurred while in the Navy and that the discharge was illegal. He maintained that he was entitled to disability retirement with pay, including all lost time. The BCNR denied his petition in 1989 and denied his application for reconsideration in 1991. He petitioned for reconsideration in 2012 and 2017, but both petitions were denied.

Since the BCNR's initial decision, Ms. Quailes has filed three complaints before this court. He first filed a complaint in 1991 before the Claims Court, which found that he had failed to demonstrate that BCNR's determination was arbitrary, capricious, or unsupported by substantial evidence. *See Quailes v. United States*, 25 Cl. Ct. 659, 664 (1992), *aff'd*, 979 F.2d 216 (Fed. Cir. 1992). He then filed a second complaint in 2012 once more challenging the 1979 discharge and 1989 BCNR determination. This court dismissed those claims as time barred. *Quailes v. United States*, 109 Fed. Cl. 651 (2013).

Plaintiff's third and present complaint, styled as a motion for reconsideration, essentially seeks a declaration that his discharge was illegal and that he should have been acquitted of his conviction due to his mental condition. He maintains that he was diagnosed with post-traumatic stress disorder in 2014 and that this diagnosis was inherently unknowable. He requests back pay, disability retirement benefits and correction to his military record. The Government moved to dismiss, contending that his claim is barred by

the statute of limitations and the doctrine of *res judicata*. Ms. Quailes filed a cross-motion for judgment on the administrative record.[1]

## DISCUSSION

Mr. Quailes' claims regarding his 1979 military discharge and 1989 BCNR determination are time barred. This court's statute of limitations is jurisdictional and claims barred by the statute of limitations must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the Court of Federal Claims. *Edwards v. United States*, 92 Fed. Cl. 277, 282 (2010). Every claim of which this court has jurisdiction must be filed within six years after such claim first accrues. 28 U.S.C. § 2501.

Back pay claims under the Military Pay Act, 37 U.S.C. § 204, accrue upon discharge from active duty. *See Feliciano v. United States*, 114 Fed. Cl. 584, 588 (2014) (citation omitted). Mr. Quailes' back pay claim accrued when he was discharged in 1979, and it expired six years later in 1985. Mr. Quailes' complaint was filed in 2018, clearly beyond the statutory period.

Mr. Quailes' claim regarding the BCNR's 1989 determination is likewise time barred. Disability retirement claims generally accrue when an appropriate military board either finally denies the claim or refuses to hear it. *See Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005) (citation omitted). The determination by "the first statutorily authorized board that hears or refuses to hear the claim invokes the statutes of limitations." *Id.* (citation omitted) (distinguishing between claims for unlawful discharge and disability retirement pay). Mr. Quailes' claim accrued when the BCNR issued its decision in 1989 and expired six years later in 1995; his claim is therefore time barred.

The BCNR's decisions denying his petitions for reconsideration in 1991, 2012, and 2017 do not affect the accrual of his claim. A relatively short or reasonable period of time is generally contemplated for reconsideration of an administrative decision. *Van Allen v. United States*, 70 Fed. Cl. 57, 63 (2006) (citation omitted). Nearly thirty years have passed since the BCNR's 1989 decision, a period too long to deprive the BCNR's decision of its finality. *Cf. Van Allen*, 70 Fed. Cl. at 63-64 (finding that a period of four years was too long to deprive the administrative determination of finality).

Plaintiff contends that his diagnosis of post-traumatic stress disorder in 2014 was inherently unknowable at the accrual date. This argument is equally unavailing to suspend

---

[1] Ms. Quailes' complaint and cross-motion are styled as motions for reconsideration and refer to Rule 59 of the RCFC. The Clerk of Court, however, has docketed his filings properly as a new complaint under case no. 18-225C.

the limitations period. As the court's statute of limitations is jurisdictional, it cannot be equitably tolled. *FloorPro, Inc. V. United States*, 680 F.3d 1377, 1380-81 (Fed. Cir. 2012) (citation omitted). Mr. Quailes' claim, moreover, does not satisfy the requirements of the "accrual suspensions doctrine," which requires him to demonstrate that the Government has concealed its acts such that he was unware of their existence or that his injury was "inherently unknowable" at the accrual date. *See Martinez v. United States*, 333 F.3d 1295, 1319 (2003) (quoting *Welcker v. United States*, 752 F.2d 1577, 1580 (Fed. Cir. 1985)); *see also Young v. United States*, 529 F.3d 1380, 1385 (Fed. Cir. 2008) (stating that it is knowledge of the facts of the claim, not their legal consequences, that determines the accrual date). There is no evidence of wrongful conduct by the Government and the record reveals that Mr. Quailes was aware of his PTSD as early as 1982. Admin. R. at 483. Plaintiff's PTSD therefore cannot suspend the limitations period. Ms. Quailes' claim for disability retirement benefits was filed outside the statutory period and must be dismissed as time barred.

Plaintiff also asks that we correct his military record to show an honorable discharge with a disability retirement rather than a general discharge for misconduct. This court may grant non-monetary relief only if it is "an incident of and collateral to" an award of money judgment. *See Pellegrini v. United States*, 103 Fed. Cl. 47, 53 (2012) (quoting 28 U.S.C. § 1491(a)(2) (2006)). We must deny that request as well.

## CONCLUSION

The Government's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction is **GRANTED**. Defendant's *res judicata* claim and plaintiff's motion for judgment on the administrative record are moot. The Clerk of Court will **DISMISS** Mr. Quailes' complaint. No costs.

**IT IS SO ORDERED.**

/s/ Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Senior Judge